**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**PATRICIA FURR**                                                                                             **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO.: 3:20-cv-762-CWR-LGI**

**JACKSON HINDS LIBRARY SYSTEM; AND**
**RICKY JONES, INDIVIDUALLY**                                                         **DEFENDANTS**

**FIRST AMENDED COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Patricia Furr, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for denial violations of her rights under Title VII, 42 U.S.C. §1981, the ADEA, the 14th Amendment through 42 U.S.C. § 1983 and for the torts of wrongful termination, outrage (intentional infliction of emotional distress) and defamation/false light against Defendant Jackson Hinds Library System. Plaintiff also asserts a claim of tortious interference with employment against Ricky Jones, individually. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1.      Plaintiff, Patricia Furr, is an adult female citizen of Hinds County, Mississippi.

2.      Defendant, Jackson Hinds Library System, may be served with process by serving the Library Board Chairman, Rickey Jones, 300 North State Street, Jackson, Mississippi 39201.

3.      Defendant Rickey Jones, individually, may be served with process at:  1020 Dewey Street, Jackson, Mississippi 39209-7235.

1

**JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction and venue is proper in this court.

5. Plaintiff timely filed a Charge of Discrimination with the EEOC, on June 25, 2020, a true and correct copy of which is attached as Exhibit A.  The EEOC issued a Dismissal and Notice of Right to Sue on August 31, 2020, a true and correct copy of which is attached as Exhibit B.  Plaintiff timely files this cause of action within ninety (90) days of receipt of her Dismissal and Notice of Right to Sue.  In addition, Plaintiff sent timely notice of her state law claims pursuant to the MTCA, a true and correct copy of which is attached as Exhibit C.

**STATEMENT OF FACTS**

6. Plaintiff is a 68-year-old white female resident of Hinds County and Jackson, Mississippi.

7. Plaintiff was hired on July 1, 2013 as the Executive Director of the Jackson Hinds Library System (JHLS).

8. Plaintiff has been a library director or department supervisor for a total of 27 years.

9. Plaintiff has worked for JHLS for the past seven years.  Despite Plaintiff asking the Board to evaluate her annually on numerous occasions, as required by the State of Mississippi Library Accreditation Standards, she was only given one evaluation, which was very positive, during her first year of employment in 2013.

10. For the last few years of Plaintiff's employment with the Defendant, Plaintiff became the target of increasingly hostile treatment by JHLS Board Chair Rickey Jones (black male) and a now deceased Board Member Wayne McDaniels (black male).

11. Mr. McDaniels openly bragged on how many times he successfully "flipped" white employees and replaced them with black employees.

12. Mr. McDaniels regularly belittled and bullied Plaintiff in meetings personally ordering her to cease doing her normal duties, such as "acting as the library spokesperson."  Only the Board of Trustees can change the Executive Director's responsibilities.

13. Rickey Jones, who believes himself to be the current Board Chair was not elected to a second term as he claims.

14. A recent investigation into the Board minutes at the March 2019 Board Meeting reveals that the Board did not have the required quorum to elect officers.

15. Thus, the current slate of officers including Mr. Jones, were not elected to the additional term as they claim to be.

16. This further complicates the situation with Plaintiff, as Mr. Jones consistently kept Plaintiff from speaking at meetings, and held ninety minute long Executive Sessions at which Mr. Jones slanders Plaintiff and accuses Plaintiff of wrong conduct, including the charges for which Plaintiff was fired.

17. Mr. Jones control of the Board Chair seat allowed him to consistently denigrate and falsely accuse Plaintiff to other Board members and Plaintiff was never allowed to attend any of those sessions to defend her name and conduct.

18. Although Plaintiff is neither aware of the alleged accusations against her, nor was Plaintiff allowed to attend Board meetings to speak in her defense, Plaintiff heard from other Board members that she was regularly the target of false accusations made against her, with the goal of defaming her, eventually terminating her, and then replacing her.

19. According to Board members who are sympathetic to Plaintiff, Mr. Jones and Mr. McDaniels claimed that Plaintiff had used the library credit card to rent a personal hotel room in Atlanta for over $1200.

20. This charge was the result of the library credit card being hacked after another employee used it to travel to a library conference in February 2020.

21. Plaintiff has not even been in Atlanta except in the airport for many years.

22. Mr. McDaniels also falsely accused Plaintiff of applying for and receiving unemployment benefits while still being employed by JHLS.

23. Plaintiff inquired about the unemployment claim and was told by MDES that someone with her social security number and birthdate applied for benefits in March and April.

24. The claim was clearly fraudulent, as it had a different phone number, email address and physical address from that of Plaintiffs.

25. The HR Department never even notified Plaintiff of the claims, and instead apparently allowed Mr. McDaniels to have the MDES claim with Plaintiff's birthdate and Social Security number and displayed it to other board members.

26. Plaintiff had her MDES file frozen and filed an affidavit from the AG's office with MDES.

27. This has now prevented Plaintiff from applying for unemployment benefits, which she needs, as she no longer has any income from the library system.

28. The other charges in the termination letter were also totally untrue.

29. Plaintiff was never given an appeal hearing to refute the charges.

30. The Board's proposed successor to Plaintiff is Ms. Brenette Nichols (black female in her 40s).

31. Ms. Nichols has substantially less library experience than Plaintiff, yet she is clearly treated preferentially by the Board.

32. Ms. Nichols is regularly allowed to attend closed door Executive Sessions and to hear Board conversations about Plaintiff, even when Plaintiff is not allowed to hear these conversations herself.

33. Ms. Nichols has even reportedly made false accusations against Plaintiff in these meetings, yet again Plaintiff is neither allowed to attend nor to defend herself against these false accusations.

34. On June 30, 2020, Plaintiff received a letter informing her that her employment was terminated.

35. Plaintiff responded by requesting an Appeal Hearing to dispute the termination.

36. In a letter that Plaintiff mailed to each JHLS Board member, Plaintiff asked for an appeal hearing at the July 28, 2020, Board Meeting.

37. The Board Members did not respond at all to Plaintiff's request thus denying Plaintiff due process.

38. Plaintiff was further harmed when the Board of Trustees released her termination letter to Robert Graham, President of the Hinds County Board of Supervisors.

39. Mr. Graham leaked the contents of the termination letter including the fact that she was fired for "misappropriation of funds" to the Northside Sun newspaper.

40. The article that was published on July 1, 2020, also contained a quote from Mr. Graham stating that "rumors had been swirling about Plaintiff for the past 18 months," thus giving credence to the accusations, which are totally untrue.

41. Plaintiff did protest to the newspaper that the charges against her were false and that she did not receive any appeal hearing to dispute the charges.

42. The Northside Sun newspaper withdrew the original article, and published a rebuttal, but the headline stating that Plaintiff was terminated from JHLS Director due to misappropriation of funds remains for anyone to see.

43. Now Plaintiff cannot get a job in her chosen profession and has found that seeking employment of any kind has been difficult, as employers can search for Plaintiff's name on the Internet and be taken to the article link accusing Plaintiff of misappropriation of funds.

44. Plaintiff also has been denied the chance to work another two years and finish her 14 years of retirement in the state PERS system and to reach the age for increased Social Security income.

## **CAUSES OF ACTION**

## COUNT I: VIOLATION OF TITLE VII and 42 U.S.C. §1981 – RACE DISCRIMINATION

45.     Plaintiff re-alleges and incorporates all averments set forth through Paragraphs 1 through 44 above as though specifically set forth herein

46.     Plaintiff has been discriminated against in the terms and conditions of her employment on the basis of her race, Caucasian, in that she was terminated by the Defendant in order to replace her with an African American female, Ms. Brenette Nichols.

47.     Plaintiff has suffered an adverse employment action as a result of the Defendant's discriminatory treatment of Plaintiff.

48.     As a direct and proximate result of the acts and omissions of Defendant described above, Plaintiff has suffered lost wages and benefits and other pecuniary loss as well as deep pain, humiliation, anxiety, and emotional distress.

49.     Plaintiff should be allowed to recover all lost wages, salary, employment benefits or other compensation denied to her as well as actual monetary losses sustained by Plaintiff as a result of the violation.

50.     The acts of the Defendant constitute a willful and intentional violation of Title VII and 42 U.S.C. § 1981 and constitute unlawful race discrimination.

## COUNT II:  VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

51.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 50 above as if fully incorporated herein.

52.     Defendant unlawfully discriminated against Plaintiff because of her age, sixty-eight (68). At age 68, Plaintiff was in the protected age category of the ADEA.

Plaintiff was more than qualified for her position as Executive Director of the Jackson Hinds Library System (JHLS).

53. Plaintiff suffered an adverse employment decision, i.e., termination. Defendant replaced Plaintiff with a substantially younger African American female, Ms. Brenette Nichols. As such, Plaintiff has established a *prima facie* case of age discrimination.

54. Plaintiff has been harmed as a result of this willful age discrimination, and the Defendant is liable to Plaintiff for the same.

55. The acts of Defendant constitute a willful intentional violation of the ADEA and entitle Plaintiff to recovery of back wages, reinstatement or front pay in lieu of reinstatement, liquidated damages and attorney fees.

56. As a direct and proximate result of the acts and omissions of the Defendant described above, Plaintiff has suffered lost wages and benefits.

### **COUNT III: VIOLATION OF TITLE VII AND ADEA – RETALIATION**

57. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 56 above as if fully incorporated herein.

58. Defendant's actions constitute intentional retaliation on the basis of age in violation of the ADEA. Specifically, Plaintiff is over the age of 40, and Plaintiff is nearing retirement age.

59. Plaintiff has been harmed as a result of this retaliation, and the Defendant is liable to Plaintiff for the same.

60. The unlawful actions of the Defendant complained of above were

intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## **COUNT IV: VIOLATION OF U.S. CONSTITUTIONAL AMENDMENT XIV THROUGH 42 U.S.C. § 1983 - LACK OF DUE PROCESS**

61. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 60 above as if fully incorporated herein.

62. As a contract employee, Plaintiff had a property right in her employment that she cannot be deprived of without due process.

63. Plaintiff requested a due process hearing; however, Defendant wrongfully denied Plaintiff a due process hearing.

64. The acts of the Defendant constitute a violation of the Fourteenth Amendment of the United States Constitution through 42 U.S.C. § 1983.

65. The Plaintiff has been harmed by this violation, and the Defendant is liable for the same.

## **COUNT V: WRONGFUL TERMINATION VIOLATION OF *MISS. CODE ANN.* § 39-3-17**

66. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 65 above as if fully incorporated herein.

67. The Defendant unlawfully terminated Plaintiff in violation of violation of Miss. Code Ann. § 39-3-17 by failing to give her the requisite due process and unlawfully retaliated against Plaintiff by terminating her employment after Plaintiff reported her concerns about false statements and allegations made against by Defendant's Board Members.

68.     Plaintiff has been harmed as a result of this retaliation, and the Defendant is liable to Plaintiff for the same.

69.     The acts of the Defendant constitute a willful and intentional violation of federal law and public policy which constitutes the tort of wrongful termination which entitles Plaintiff to damages, both compensatory and punitive in nature.

### COUNT VI:  TORT OF OUTRAGE-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – ALL DEFENDANTS

70.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 69 above as if fully incorporated herein.

71.     By their actions, the Defendants have intentionally inflicted emotional Distress upon Plaintiff.

72.     The Defendants' actions have been such to evoke outrage and revulsion.

73.     The Defendants' actions are malicious, willful, wanton, grossly careless, indifferent and reckless.

74.     The effect of the Defendants' actions on Plaintiff were reasonably foreseeable.

75.     Plaintiff has suffered injury as a result of the Defendants' actions.

76.     As such, Plaintiff is seeking an award of compensatory damages in an amount to be determined by the jury to fully compensate her for the Defendants' actions.

77.     In addition, the Defendant's actions were done maliciously with the intent to cause Plaintiff injury.

### COUNT VII: DEFAMATION/FALSE LIGHT – ALL DEFENDANTS

78. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 77 above as if fully incorporated herein.

79. Defendant, acting by and through its agents and employees, did knowingly, willfully, and intentionally make false statements regarding Plaintiff.

80. The making of these false statement regarding Plaintiff constitutes defamation.

81. As a direct and proximate result of Defendant's defamation, Plaintiff has suffered and continues to suffer lost earnings and benefits, emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life and inconvenience.

## COUNT VIII: TORTIOUS INTERFERENCE WITH EMPLOYMENT - RICKEY JONES, INDIVIDUALLY

82. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 81 above as if fully incorporated herein.

83. Plaintiff had an employment relationship with Defendant and Defendant Rickey Jones was aware of Plaintiff's employment relationship with Defendant.

84. Defendant Rickey Jones' actions were malicious when he tortiously interfered in Plaintiff's employment relationship with Defendant.

85. As such, Plaintiff is seeking an award of compensatory damages in an amount to be determined by the jury to fully compensate her for Defendant Rickey Jones's actions in tortiously interfering with her employment relationship with Defendant.

86. In addition, Defendant Rickey Jones' actions were done maliciously with the intent to cause Plaintiff professional and personal injury.

87. As such, Plaintiff is entitled to an award of punitive damages against Defendant Rickey Jones, individually, in an amount to be determined by the jury.

### **PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages and reinstatement; or
2. Future wages in lieu of reinstatement;
3. Tax gross-up and all make-whole relief;
4. Compensatory damages;
5. Punitive damages;
6. Lost Benefits;
7. Pre-judgment and post-judgment interest;
8. Attorney fees and costs; and
9. Such other relief as the Court deems just and appropriate.

THIS the 4th day of February 2021.

    Respectfully submitted,

    PATRICIA FURR, Plaintiff

By: /s/ Louis H. Watson, Jr.
Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com   nick@watsonnorris.com